# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | Case No: 2:18-CR-04066-BCW-01 |
| | ) | |
| VICTOR VARGAS, | ) | |
| | ) | |
| Defendant. | ) | |

## APPEAL OF MAGISTRATE'S ORDER OF DETENTION

COME NOW, the Defendant, Victor Vargas, by and through his counsel, Angela C. Hasty, and for his Appeal of Magistrate's Order of Detention states to the Court as follows:

1. On May 14, 2018, the Defendant was arrested pursuant to a complaint charging him with the Sale of a Firearm to a Felon. A subsequent indictment was issued on June 6, 2018.

2. A detention hearing was held on June 14, 2018. After taking the matter under advisement, the Court ordered the defendant detained pending trial.

3. The defendant filed a motion to reconsider the order on July 19, 2018. On August 1, 2018, the Court again ordered the defendant be detained.

4. In making the decision to detain or to release a defendant, a court may detain a defendant only if the government shows by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community and the defendant's appearance at trial. *United States v. Orta, 760 F.2d 887, 891 (8th Cir. 1985)*. It is insufficient for the Government to show that no release conditions can guarantee community safety and defendant's appearance. *18 U.S.C.A. §3142, Id at 891.*

5. The defendant is a long time resident of the Jefferson City, Missouri, area. He maintained steady employment, and worked hard to support his family. While he is no longer employed at the federal courthouse, he has self employment making and selling authentic food with his wife.

6. The defendant has close family ties to the area. The only family he knows reside in the United States. His mother, his wife and his children all live in the state of Missouri.

7. The defendant is also the father of two children and is happily married. He and his wife reside together in Jefferson City, and by all accounts he is a loving and active father. His wife has no criminal history.

8. The defendant is not a flight risk. While he was originally born in Honduras, he has lived in the United States for most of his life. He has no ties to Honduras, and again, his family is all in the United States.

9. The defendant is further not a danger to the community, and conditions can be set in place to both ensure his appearance, and adequately monitor the defendant so that he is not likely to constitute a danger to the community.

10. The defendant is a Criminal History I. As such, there is no prior reason to believe he would not abide by any and all conditions placed on him by this Honorable Court. On the contrary, he is willing to abide by any and all conditions this Court may place upon him.

11. There are no allegations that the defendant has exhibited violent behavior, and he has no violent convictions. Further, a condition that the defendant possess no firearms, which he would obey, would adequately ensure the safety of the community.

12. A condition that the defendant not associate with anyone who is, or has participated, in criminal activity would ensure the safety of the community.

13. The defendant has employment should he be released, and if the Court is not satisfied with his self employment, he will quickly obtain full time employment suitable to the Court.

14. The defendant has no history of drug use. He would abide by a condition from the Court that he not use illegal substances without issue.

15. The defendant has always been a productive member of society, worked, supported his family, and refrained from drug use.

16. The passage of the pretrial detention provision was not a signal of congressional intent to incarcerate wholesale the category of accused persons awaiting trial. Rather, Congress was demonstrating its concern about "a small but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons. *S. Rep. No. 225, 98th Cong. 1st Sess 6-7.*

17. The legislative history stresses that "the decision to provide pretrial detention is in no way a derogation of the importance of defendant's interest in remaining at liberty prior to trial. It is anticipated that pretrial release will continue to be appropriate for the majority of Federal defendants. *Id. at 7, 12.*

18. It does not appear that the intent of the legislature was to detain defendants with little to no prior criminal history, and no violent history, pending trial on their case. There are a myriad of options for the defendant's release, based on his personal

characteristics and situation, to ensure his appearance and the safety of the community.

19. The government failed to show by clear and convincing evidence that no release condition or set of conditions will reasonably ensure the safety of the community, or that no condition or set of conditions will reasonably assure the defendant's appearance.

20. To allow this defendant to be detained pretrial, the Court virtually mandates the detention of almost every pretrial defendant. Other than the charges the defendant is facing, the Government offered no further evidence to show the defendant was a flight risk, or that he would not abide by any and all conditions placed on him by this Honorable Court. In fact, the defendant's strong ties to the community, with his family residing locally, demonstrate he is not a flight risk. The defendant's lack of criminal history, willingness to attend any classes, and abide by any conditions this Honorable Court might place upon him, demonstrate conditions can be set that would reasonably assure the safety of the community should be granted pretrial release.

21. *18 U.S.C. §3142* offers four alternatives from which the judicial officer must choose: (1) release on personal recognizance or unsecured bond (2) release subject to certain conditions, or (3) temporary detention to permit, among other things, revocation of conditional release, or (4) pretrial detention. The judicial officer must consider whether one of the codified conditions or any combination of the conditions will reasonably assure the defendant's appearance and safety of the community. *Orta at 891.*

22. As stated, conditions that the defendant not possess a firearm, nor associate with those convicted of criminal activity, would ensure the safety of the community. The defendant also indicates his willingness participate in house arrest, or any other condition the Court deemed necessary.

WHEREFORE, the Defendant respectfully requests this Court overturn the Magistrate's Order of Detention and find that conditions may be set which would reasonably assure his appearance, and the safety of the community, and grant him pretrial release.

Respectfully submitted,

LAW OFFICE OF ANGELA HASTY, LLC

*/s/ Angela C. Hasty*_____
Angela Hasty  MO Bar #51016
8700 State Line Rd., Ste. 115
Leawood, KS 66206
(816) 283-3535
(913) 766-9514 fax
angela@hastylaw.com
ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2018, the undersigned filed the foregoing with the clerk of the court by using the CMF/ECF system which will send a notice of the electronic filing to all counsel of record.

*/s/ Angela C. Hasty*